UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ROJAS VASQUEZ, | No. 1:26-cv-00862-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Ronald Rojas Vasquez is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court has previously addressed the legal issues raised in Count 1 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, 2025 WL 3124116, No. 2:25-cv-03174-DJC-CKD (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 6.) Respondents assert that Petitioner "sustained Alternatives to Detention (ATD) violations[,]" but state that "[o]therwise, there appears to be no substantive distinction

between this case and the cases the Court cited in its minute order[.]" (ECF No. 8 at 2.) Respondents do not identify the alleged violations and the only evidence presented of the alleged ATD violations is a statement by a Deportation Officer in a "Record of Deportable" provided with the Respondents' Opposition. That document only states that "ICE ERO reviewed the case and determined Rojas-Vasquez, was in violation of his ATD reporting requirements and has ATD violations." (ECF No. 8 at 8.) No other information was provided. The vague statement that Petitioner had ATD violations, without any support or more detailed information, does not constitute a meaningful distinguishing fact. To the extent there are violations that constitute a change in circumstance such that Petitioner is risk of flight or a danger to the community, the Government is more than capable of seeking to change Petitioner's release status in a manner that comports with due process.

Neither party objected to the Court ruling directly on the merits of the petition.

Accordingly, as Respondents have not made any new legal arguments and have not identified any facts or law in this case that materially distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Ronal Rojas Vasquez from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

burden of establishing, by clear and convincing evidence, that Petitoner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

Dated:  February 6, 2026

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE